Matter of Bonner v Bonner (2024 NY Slip Op 01655)

Matter of Bonner v Bonner

2024 NY Slip Op 01655

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

241 CAF 23-00795

[*1]IN THE MATTER OF VINA C. BONNER, PETITIONER-RESPONDENT,
v
MARK J. BONNER, RESPONDENT-APPELLANT. (APPEAL NO. 2.) 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT.
KATHARINE F. WOODS, ROCHESTER, FOR PETITIONER-RESPONDENT. 
COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Jefferson County (James K. Eby, R.), entered November 30, 2022, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner primary physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 6, respondent-petitioner father appeals, in appeal No. 1, from an order that dismissed his custody petition. In appeal No. 2, the father appeals from an order that, inter alia, granted petitioner-respondent mother primary physical custody of the subject child. We affirm in both appeals.
Contrary to the father's contention, Family Court did not err in awarding primary physical custody of the subject child to the mother. It is well settled that " 'a court's determination regarding custody . . . , based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record' " (Matter of DeVore v O'Harra-Gardner, 177 AD3d 1264, 1266 [4th Dept 2019]). Here, we perceive no basis to disturb the court's credibility assessment and factual findings, and we conclude that its
custody determination is supported by a sound and substantial basis in the record (see id.).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court